LEVY v. LOUVRE REALTY CO. et al.   (No. 6134.)

(Supreme Court, Appellate Division, First Department. November 20, 1914.)

JOINT ADVENTURES (§ 7*)—RIGHTS OF PARTIES.

Defendant and another, as joint adventurers, made a loan, receiving a mortgage for security. Thereafter they borrowed money from plaintiff, pledging the mortgage as collateral. After the second loan became due, plaintiff pressed for payment, and on the promise of defendant's coadventurer to make immediate payment left the mortgage with him. *Held,* that though such coadventurer, in a settlement with defendant, delivered the mortgage to him, stating that the loan for which it had been pledged was paid, defendant could not defeat plaintiff's rights in the mortgage, which was to be returned in case of nonpayment, for, as defendant knew of the transaction with plaintiff, he could not be a bona fide purchaser.

[Ed. Note.—For other cases, see Joint Adventures, Cent. Dig. § 8; Dec. Dig. § 7.*]

Appeal from Special Term, New York County.

Action by Leopold Levy against the Louvre Realty Company and others. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and judgment entered for plaintiff.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and CLARKE, JJ.

John D. Connolly, of New York City, for appellant.
John W. Weed, of New York City, for respondents.

SCOTT, J. Although this action is in form one for the foreclosure of a mortgage for $17,000, plaintiff's real claim is that he is entitled to a lien upon the bond and mortgage, and upon its proceeds, if it should be paid or foreclosed. The controversy lies between the plaintiff and the defendant Kellner.

On January 31, 1910, Kellner and one Maurice K. Hayman, now deceased, entered into a joint agreement to loan to a corporation, known as the Louvre Realty Company, the sum of $17,000 as a building loan on premises on Franklin street in the city of New York. At that time Kellner was president and Hayman was treasurer of a corporation known as the Sherwood Construction Company, of which Kellner and Hayman were, as it seems, the sole owners, and it was agreed that the loan should be made in the name of the said Sherwood Construction Company. It was agreed that Kellner and Hayman should advance the $17,000 in equal proportions, and that the fees paid by said Louvre Realty Company for the loan, to wit, the sum of $850, should be divided equally between them. The loan was carried through; the bond and mortgage being left with Hayman, who was a lawyer actively engaged in real estate transactions. This mortgage by its terms became due on January 28, 1911.

On September 26, 1911, the Sherwood Construction Company, acting through Hayman, borrowed the sum of $5,000 from plaintiff, and assigned to him, as security therefor, the bond and mortgage of the Louvre Company for $17,000; Hayman also personally guaranteeing the payment of the loan. In March, 1911, plaintiff became insistent

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that his loan should be repaid. He was put off from time to time by Hayman, who professed to be communicating with the persons for whom he was acting, whose names, however, he did not disclose to plaintiff. Finally, on a day in March, Hayman paid plaintiff all that was due upon his loan except $2,000, and for that sum gave him a check dated April 3, 1911. Plaintiff left with Hayman the bond and mortgage, the assignment to himself, and an assignment in blank as to the name of the assignee, signed by himself, under the agreement with Hayman that, if the check for $2,000 was not paid on April 3d, he (plaintiff) should receive back the papers. On April 2d Hayman received fatal injuries, from which he died a few days later, and plaintiff was unable to collect the check for $2,000.

Kellner and Hayman had been interested together in a number of other transactions besides the loan to the Louvre Realty Company, and on March 20th had a sort of an accounting together, as a consequence of which Kellner gave Hayman a check for something upwards of $6,000, and Hayman gave Kellner a number of promissory notes, aggregating $11,000. The basis upon which this settlement was arrived at was that the Louvre Realty Company mortgage should be assigned to and belong wholly to Kellner. There is a dispute, upon which much evidence was taken, as to when plaintiff left the bond and mortgage and assignments with Hayman. Kellner says that they were in Hayman's possession on March 20th, when the settlement was effected, and that Hayman then gave them to him, although he did not record the assignment until April 3d, after he had learned of Hayman's injuries. Plaintiff says that he left the papers with Hayman on March 28th, the day on which he received Hayman's checks. If this be true, the papers were not in Hayman's possession when the settlement of March 20th was effected, and Kellner could not have received them at that time. Although the court at Special Term has found in Kellner's favor upon this issue of fact, we are of the opinion that the evidence, and especially the documentary evidence, strongly preponderates in favor of the accuracy of plaintiff's version of the transaction.

We do not consider, however, that the question of dates is of prime importance. Kellner and Hayman were joint adventurers or copartners, so far as concerns the loan to the Louvre Realty Company, and when they came to make their settlement they both knew that plaintiff had made a loan upon the security of the mortgage and had held an assignment of it. By no settlement that they made between themselves could they affect plaintiff's rights or cut off any of his equities. If Kellner was misled by Hayman, as perhaps he was, into believing that plaintiff's loan had been paid, the consequences of his reliance upon Hayman's word must fall upon Kellner, his partner, and not upon plaintiff. The very papers themselves which Kellner says that Hayman gave him showed upon their face that plaintiff had once held an assignment of the mortgage. Kellner was therefore put on notice, and bound to satisfy himself at his peril, that plaintiff's interest had been satisfied. If Kellner had been a stranger to the transaction, he might insist that plaintiff was estopped to make a claim against him by rea-

son of having given Hayman an assignment in blank. But he was not a stranger. On the contrary, so far as the mortgage was concerned, he was a partner, and chargeable with whatever knowledge his co-partner, Hayman, had as to plaintiff's rights.

The judgment appealed from should be reversed, with costs, and judgment entered for the plaintiff; the decision and judgment to be settled on notice. All concur.